# TEXAS COURT OF APPEALS, THIRD DISTRICT, AT AUSTIN

## NO. 03-15-00061-CV

## In re Teladoc, Inc.

## ORIGINAL PROCEEDING FROM TRAVIS COUNTY

## O R D E R   A N D   M E M O R A N D U M   O P I N I O N

The Hon. Gisela D. Triana and Teladoc, Inc., have filed a motion under section 2001.038, subsection (f), of the Administrative Procedure Act (APA) requesting us to grant transfer of a cause currently pending before Judge Triana and docketed there as Cause No. D-1-GN-15-000238.[1]  In that cause, Teladoc asserts a claim for declaratory relief under APA section 2001.038 challenging the validity of the Texas Medical Board's January 16, 2015 "emergency" rule purporting to amend 22 Tex. Admin. Code § 190.8(1)(L), effective immediately, without complying with the APA's notice-and-comment rulemaking procedures.[2]  TMB's

---

[1] *See* Tex. Gov't Code § 2001.038(f) ("A Travis County district court in which an action is brought under this section, on its own motion or the motion of any party, may request transfer of the action to the Court of Appeals for the Third Court of Appeals District if the district court finds that the public interest requires a prompt, authoritative determination of the validity or applicability of the rule in question and the case would ordinarily be appealed.  After filing of the district court's request with the court of appeals, transfer of the action may be granted by the court of appeals if it agrees with the findings of the district court concerning the application of the statutory standards to the action.  On entry of an order by the court of appeals granting transfer, the action is transferred to the court of appeals for decision, and the validity or applicability of the rule in question is subject to judicial review by the court of appeals. . . . ").

[2] *See id*. § 2001.038(a)-(c).

"emergency" rule is substantively similar to the informal "rule" this Court held invalid—for failure to comply with the APA's rulemaking procedures—in Cause No. 03-13-00211-CV, *Teladoc, Inc. v. Texas Medical Board and Nancy Leshikar, in her Official Capacity as General Counsel of the Texas Medical Board*. Teladoc urges that TMB's current claim of "emergency" is dubious for a variety of reasons, including that Teladoc (whose business model is the evident target of the rule change) has operated in Texas since 2005 and that TMB had even agreed to stay enforcement of its informal rule during the prior litigation.

In Cause No. D-1-GN-15-000238, Teladoc also seeks temporary and permanent injunctive relief to restrain TMB's enforcement of the "emergency" rule. Judge Triana has already granted a temporary restraining order to that effect, and a hearing on Teladoc's request for a temporary injunction is currently scheduled for Monday, February 2, 2015. With its motion to transfer, Teladoc also petitions this Court, with accompanying motion to expedite, for temporary injunctive relief staying all further trial-level court proceedings in Cause No. D-1-GN-15-000238, including the scheduled temporary-injunction hearing before Judge Triana, in order to preserve our jurisdiction.

On the record presented, we deny the motion to transfer without prejudice to refiling. We dismiss the accompanying request for injunctive relief and motion to expedite as moot.

_____

Bob Pemberton, Justice

Before Justices Puryear, Pemberton, and Field

File: January 30, 2015